Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys at Law
A Law Corporation

PAUL ALSTON          1126
TINA L. COLMAN       8321
1001 Bishop Street, 18th Floor
Honolulu, Hawai`i 96813
Telephone:  (808) 524-1800
Facsimile:  (808) 524-4591
E-mail:   palston@ahfi.com
          tcolman@ahfi.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 09 2011

at 9 o'clock and 00 min. A M.
SUE BEITIA, CLERK

**ORIGINAL**

Attorneys for Plaintiff
COMM 2006-C8 KAIWI STREET, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| COMM 2006-C8 KAIWI STREET, LLC, a Hawai`i Limited Liability Company,<br><br>       Plaintiff,<br><br>   vs.<br><br>FPA GOLD COAST ASSOCIATES, LLC; GREGORY A. FOWLER, TRUSTEE OF THE GREGORY A. FOWLER LIVING TRUST U/D/T 4/27/95; FIRST HAWAI`IAN BANK, DAVID M. PETERS AND THOMAS K. KAULUKUKUI, JR., TRUSTEES OF LILIUOKALANI TRUST UNDER AN UNRECORDED TRUST INSTRUMENT MADE BY HER LATE MAJESTY QUEEN LILIUOKALANI DATED | Civil No. 09-00400 SOM-KSC (Foreclosure)<br><br>**MAGISTRATE JUDGE'S PROPOSED FINDINGS OF FACT AND RECOMMENDATION FOR DISPOSITION OF PLAINTIFF'S MOTION FOR (1) CONFIRMATION OF SALE AND (2) APPROVAL OF COMMISSIONER'S REPORT, FILED AUGUST 16, 2011; EXHIBIT "A"**<br><br><u>Hearing:</u><br>Date:    November 21, 2011<br>Time:    9:30 a.m.<br>Judge:  Magistrate Judge<br>          Kevin S.C. Chang<br>*(Caption continued on next page.)* |

DECEMBER 2, 1909; JOHN DOES
1-10,

                Defendants.

[Related Doc. Nos. 78 and 79]

**MAGISTRATE JUDGE'S PROPOSED FINDINGS OF FACT AND
RECOMMENDATION FOR DISPOSITION OF PLAINTIFF'S
MOTION FOR (1) CONFIRMATION OF SALE AND (2)
APPROVAL OF COMMISSIONER'S REPORT, FILED AUGUST 16, 2011**

Plaintiff COMM 2006-C8 Kaiwi Street, LLC's ("Plaintiff" or

"COMM 2006") Motion for (1) Confirmation of Sale, and (2) Approval of

Commissioner's Report, Filed August 16, 2011, filed August 17, 2011 (the

"Motion"), was duly noticed and served upon all interested parties. No opposition

was filed. Having reviewed the Motion, the supporting memorandum and

declarations, and the records on file in the action, the Court proposes the following:

**FINDINGS OF FACT**

1. Guido Giacometti, duly appointed Commissioner[1] (the

"Commissioner"), to sell the Defendant FPA Gold Coast Associates, LLC's

leasehold interest in four parcels of land in the Kona Industrial Subdivision that are

leased by FPA Gold Coast from the Liliuokalani Trust: Unit I, Lot 10; Unit I, Lot

11; Unit II, Lot 7; and Unit II, Lot 11 (collectively, the "Mortgaged Property"),

made the report of the proceedings and the account of expenses incurred in his

*Commissioner's Report,* filed August 16, 2011 ("Commissioner's Report"), that:

---

[1]    The Commissioner was appointed in the Findings of Fact; Conclusions of
Law; and Order Granting Plaintiff's Motion for Default Judgment, Summary
Judgment and Interlocutory Decree of Foreclosure, Filed January 26, 2010, filed
August 15, 2010 ("Order").

(a)    the sale as reported by the Commissioner was legally and fairly conducted;

(b)    that no exceptions or objections were made to the Commissioner's Report of the sale or to the confirmation of the sale;

(c)    that all of the matters set forth in the Commissioner's Report were true;

(d)    that the Order has, in all respects, been complied with by the Commissioner; and

(e)    that the sale of the Mortgaged Property to Plaintiff for $2,100,000.00 was proper and the price was fair, equitable and as high as any that was reached at the public auction held on August 3, 2011 at 12:00 p.m., on the steps of the Prince Kuhio Federal Building, 300 Ala Moana Blvd. (Halekauwila Street entrance), Honolulu, Hawai'i.

2.    At the confirmation hearing, no persons appeared to bid on the Mortgaged Property. Plaintiff's bid of $2,100,000.00 was the highest bid.

3.    The required ten percent (10%) down payment of the sale price was offset by the amounts due and owing to Plaintiff.

4.    The Mortgaged Property is the property foreclosed upon in this action and is more particularly described in Exhibit "A" attached hereto and made a part hereof.

5. The Court has previously determined in the Order that Plaintiff's mortgage lien is a first position, priority and superior lien against the Mortgaged Property.

6. As of August 24, 2009, the amounts due and owing by FPA Gold Coast to Plaintiff under the Note and Mortgage were as follows:

| | |
|---|---|
| Unpaid Principal | $ 7,048,117.01 |
| Accrued Interest | |
| At Note Rate | 36,002.56 |
| At Default Rate | 42,365.66 |
| Late Fees | 4,676.92 |
| PrePayment Premium | 1,140,116.38 |
| Administration/Recording Fee | 125.00 |
| Master Servicer Fees/Charges | 755.00 |
| Credits | |
| Suspense Funds | (-759,298.08) |
| Total | $ 7,512,860.45 |

The aforesaid total sum, together with interest at the rate of $1,944.50 per day, each and every day after August 24, 2009, until paid, accruing late charges, further advances, expenses, income, rents, profits, attorneys' fees, costs and such other and further amounts and charges as may be proper and allowed, until the closing of the sale herein authorized, is a valid first lien on the Mortgaged Property.

7. A fee of $2,791.68 is a reasonable fee for the Commissioner for his services as commissioner; the Commissioner spent $3,413.34 for legal publication costs and other costs as set forth in the Commissioner's Report and any amendment(s) thereto, for a total of $6,205.02.

8.    Additional fees for the Commissioner incurred after the submission of his report will be determined at a later time upon the filing of a supplemental declaration.

9.    The amount of attorneys' fees and costs for Plaintiff and the Commissioner will be determined at a later time.

## RECOMMENDATION

IT IS HEREBY RECOMMENDED that the Motion be GRANTED and an Order ENTERED as follows:

1.    Ratifying, approving and confirming the Commissioner's Report and any amendment(s) thereto.

2.    Ratifying, approving and confirming the sale of the Mortgaged Property to Plaintiff (or its nominee) made at the auction held on August 3, 2011, at the price of $2,100,000.00 with the purchase price being paid by way of offset of the amounts due and owing to Plaintiff.

3.    Ordering and directing the Commissioner to convey, by quitclaim conveyance, the Mortgaged Property to Plaintiff or its nominee.  Closing is to be within 35-days from the entry the Order confirming the sale.

4.    Allowing the Commissioner $6,205.02 for his services and expenses as commissioner.

5.    Out of the sums from the sale of the Mortgaged Property, plus any rentals received, the Commissioner shall be paid the sum of $6,205.02 as the fee for services as Commissioner and as reimbursement for the expenses of the sale to the extent funds are available.

6. After the Commissioner has made the conveyance and the distributions have been made as set forth in this Order, including attorneys' fees and costs for Plaintiff and the Commissioner, and supplemental fees and expenses, if any, of the Commissioner, and the Commissioner has filed the distribution statement and accounts conforming to the Order confirming the sale, the Commissioner shall be discharged from further duties and responsibilities as Commissioner.

7. Forever barring the defendants and all parties named in this action and all persons claiming by, through or under said defendants and parties, except Defendant United States of America as to its right of redemption pursuant to 28 U.S.C. Section 2410, upon closing of the aforesaid sale from any and all right, title and interest and claims at law or in equity in and to the Mortgaged Property, and every part thereof.

8. Pursuant to Haw. Rev. Stat. §§ 634-51 and 501-151, as amended, forever barring any and all other or further encumbrances or purchasers in respect of the Mortgaged Property, or any part thereof, whose interest arises from and after the recordation of the *Notice of Pendency of Action*, filed September 2, 2009 and recorded in the Bureau of Conveyances of the State of Hawai'i as Document No. 2009-135697, on September 2, 2009, of and from any and all right, title and interest in and to the Mortgaged Property and every part thereof upon closing of the aforesaid sale.

9. Granting to Plaintiff or its nominee immediate and exclusive possession of all of the Mortgaged Property upon delivery to Plaintiff or its nominee of the conveyance of the Mortgaged Property. The Court reserves jurisdiction to enter such orders as may be necessary or appropriate to assist Plaintiff or its nominee to gain such possession.

10.    The order confirming the sale shall be entered as a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure as there is no just reason for delay.

DATED:  Honolulu, Hawai'i,  December 8, 2011.

_____

KEVIN S.C. CHANG

United States Magistrate Judge

APPROVED AS TO FORM:

/s/ Corey Y.S. Park
_____
COREY Y.S. PARK
Attorney for Guido Giacometti, Receiver
and Court-Appointed Commissioner

*COMM 2006-C8 Kaiwi Street, LLC  v. FPA Gold Coast Associates, LLC, et al.,* Civ. No. CV09-00400 SOM KSC, United States District Court, District of Hawai`i; **MAGISTRATE JUDGE'S PROPOSED FINDINGS OF FACT AND RECOMMENDATION FOR DISPOSITION OF PLAINTIFF'S MOTION FOR (1) CONFIRMATION OF SALE AND (2) APPROVAL OF COMMISSIONER'S REPORT, FILED AUGUST 16, 2011; EXHIBIT "A"**